IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATASA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No: |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE SGT. GEORGE GRANIAS (Star #1731), ILLINOIS STATE POLICE and ILLINOIS STATE POLICE OFFICER THOMAS MARSHALL (Star #6073) | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES, Plaintiff, PATASA JOHNSON, by and through her attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Patasa Johnson is a United States citizen who resides in the Northern District of Illinois.

5. Defendant City of Chicago police officer Sgt. George Granias (Star #1731) (referred to herein as "Defendant Granias") is a present or former employee of the City of Chicago. Defendant Granias engaged in the conduct complained of while on duty, in the course and scope of his employment and under the color of law. Defendant is sued in his individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Granias. At all times relevant hereto, Defendant Granias was acting under the color of law and within the scope of his employment with Defendant City of Chicago.

7. Defendant Illinois State police officer Thomas Marshall (Star #6073) (referred to herein as "Defendant Marshall") is a present or former employee of the Illinois State Police. Defendant Marshall engaged in the conduct complained of while on duty, in the course and scope of his employment and under the color of law. Defendant is sued in his individual capacity.

8. Defendant Illinois State Police is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Marshall. At all times relevant hereto, Defendant Marshall was acting under the color of law and within the scope of his employment with Defendant Illinois State Police.

## BACKGROUND

9. On March 30, 2014, Plaintiff was driving in her vehicle on I-290 westbound between the Independence and Laramie exits.

10. Defendant Marshall performed a traffic stop of Plaintiff.

11. Defendant Marshall asked Plaintiff for credentials and then had Plaintiff step out of the car.

12. Defendant Marshall asked Plaintiff to walk over and lean over on his car.

13. Defendant Marshall accused Plaintiff of driving under the influence of alcohol.

14. Plaintiff was not under the influence of alcohol.

15. Defendant Marshall became upset and told Plaintiff she was going to jail.

16. Defendant Marshall grabbed her arm and proceeded to arrest Plaintiff.

17. Plaintiff stated that she had tendinitis and sensitivity.

18. Plaintiff was shoved into the back seat of Defendant Marshall's squad car.

19. Plaintiff was brought to the Chicago Police Department's 11th District station.

20. Defendant Granias grabbed Plaintiff from the back of the car and Defendant Granias roughly escorted Plaintiff into the station.

21. Inside the station, Defendant Granias beat Plaintiff while Plaintiff was in hand-cuffs.

22. Defendant Marshall was present in the room with Defendant Granias while the beating of Plaintiff took place.

23. Defendant Marshall failed to stop the unjustified beating of Plaintiff.

24. Defendant Officers charged Plaintiff with driving below the minimum speed limit in violation of 625 ILCS 5.0/11-606-A.

25. Defendant Officers charged Plaintiff with operating a motor vehicle without insurance in violation of 625 ILCS 5.0/3-707.

26. Defendant Officers charged Plaintiff with improper lane usage in violation of 625 ILCS 5.0/11-709-A.

27. Defendant Officers charged Plaintiff with driving under the influence of alcohol in violation of 625 ILCS 5.0/11-501-A-2.

28. Defendant Officers charged Plaintiff with two counts of resisting arrest in violation of 720 ILCS 5.0/31-1-A.

29. Defendant Officers charged Plaintiff with battery in violation of 720 ILCS 5.0/12-3-A-1.

30. Defendant Officers charged Plaintiff with battery in violation of 720 ILCS 5.0/12-3-A-2.

31. The resisting arrest and battery charges were subsequently dismissed.

32. Plaintiff did not consume alcohol prior to driving her car.

33. Plaintiff did not strike Defendant Granias at any time on March 30, 2014

34. Plaintiff did not strike Defendant Marshall at any time on March 30, 2014.

35. Plaintiff did not push and/or shove Defendant Granias at any time on March 30, 2014.

36. Plaintiff did not push and/or shove Defendant Marshall at any time on March 30, 2014.

37. Defendant Officers charged Plaintiff with multiple crimes and lied in sworn police reports in order to cover up the excessive force used against Plaintiff.

38. At all relevant times on March 30, 2014, Plaintiff was not resisting arrest.

39. Plaintiff was released on bond after approximately 10 hours from time of arrest.

40. Plaintiff was processed through Cook County Jail before she bonded out.

41. Plaintiff obtained treatment for her injuries sustained in the beating.

42. Plaintiff obtained the necessary medical treatment and documented her injuries.

43. As a result of Defendant Officers' misconduct, Plaintiff was injured, including physical injuries, pain and suffering, emotional distress, and incurred legal fees, medical bills and other damages.

## COUNT I

### 42 U.S.C. §1983 – Excessive Force

44. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

45. Defendant Officers Granias and Marshall inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

46. When inflicting violence upon Plaintiff, Defendant Officers Granias and Marshall were acting "under the color of law."

47. The actions of Defendant Officers Granias and Marshall in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for her rights, amounting to an abuse of power that shocks the conscience.

48. As a result of excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant Granias and Marshall for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### 42 U.S.C §1983 – Failure to Intervene

49. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

50. Defendant Marshall had a reasonable opportunity to prevent the use of excessive force against Plaintiff and prevent her injuries, but failed to do so.

51. Defendant Officers had a reasonable opportunity to prevent the false arrest and illegal seizure of Plaintiff and prevent her injuries, but failed to do so.

52. As a result of the Defendant Officers' failure to intervene, Plaintiff has suffered physical and emotional injuries.

53. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT III

### 42 U.S.C. §1983 – False Arrest

54. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55. Defendant Officers knowingly arrested Plaintiff without probable cause. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendant Officers also failed to intervene in the unlawful conduct of each other in arresting Plaintiff.

57. As a result of the false arrest, Plaintiff was injured, including physical injury, loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

58. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## Count IV

### State Claim- Intentional Infliction of Emotional Distress

59. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

60. The acts and conduct of Defendant Officers, as set forth above, was extreme and outrageous.

61. In particular, the conduct of Defendant Officers in inflicting unjustified bodily harm upon Plaintiff caused Plaintiff to suffer physical pain and severe emotional distress.

62. Additionally, the conduct of Defendant Officers in maliciously charging Plaintiff and continuing to appear to appear in court and testify falsely against her in pursuit of those false charges is extreme and outrageous and has caused Plaintiff severe emotional distress.

63. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

64. The conduct of the Defendant officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## Count V

### State Claim- Assault

65. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

66. Plaintiff believed that she was in imminent danger of being battered by Defendant Granias.

67. Defendant Granias's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

68. The acts undertaken by Defendant Granias were within the scope of his employment and under the color of law such that his employer, City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## Count VI

### State Claim- Battery

69. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

70. Defendant Officers did not have a reasonable basis for suing any force upon Plaintiff.

71. Without consent of Plaintiff, Defendant Officers intentionally, harmfully, and offensively touched Plaintiff by punching kicking her about her head and body in a manner calculated to inflict physical injury and which indeed caused her various injuries.

72. The defendants' conduct that resulted in this battery was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## Count VII

### State Claim- Malicious Prosecution for Battery Charges

73. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

74. Defendant Officers maliciously caused criminal charges of battery to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

75. Plaintiff never physically struck, shoved, pushed, or otherwise intentionally touched Defendant Officers and therefore there was not probable cause for the institution of criminal charges of battery against the Plaintiff.

76. Plaintiff was injured including emotional damages and legal fees.

77. The battery charges were terminated in Plaintiff's favor.

78. Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other additional relief that this Court deems equitable and just.

## Count VIII

### State Claim- Malicious Prosecution for Resisting Arrest Charges

79. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

80. Defendant Officers maliciously caused criminal charges of resisting arrest to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

81. Plaintiff never physically struck, shoved, pushed, or otherwise intentionally touched Defendant Officers and therefore there was not probable cause for the institution of criminal charges of resisting arrest against the Plaintiff.

82. The resisting arrest charges were terminated in Plaintiff's favor.

83. Plaintiff was injured including emotional damages and legal fees.

84. Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other additional relief that this Court deems equitable and just.

## Count IX

### State Claim- Malicious Prosecution for DUI Charge

85. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

86. Defendant Officers maliciously caused the criminal charges of driving under the influence of alcohol to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

87. Plaintiff did not commit the offense of driving under the influence of alcohol.

88. Plaintiff anticipates that the criminal charge of DUI will be disposed of in her favor.

89. Plaintiff was injured including emotional damages and legal fees.

90. Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

## Count X

### State Claim- Malicious Prosecution for Driving Below the Minimum Speed Limit

91. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

92. Defendant Officers maliciously caused the charge of driving below minimum speed limit to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

93. Plaintiff did not commit the offense of driving below the minimum speed limit.

94. Plaintiff anticipates that the criminal charge of driving below the minimum speed limit will be disposed of in her favor.

95. Plaintiff was injured including emotional damages and legal fees.

96. Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

### Count XI

**State Claim for Malicious Prosecution for Improper Traffic Lane Usage**

97. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

98. Defendant Officers maliciously caused the charge of improper traffic lane usage to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

99. Plaintiff did not commit the offense of improper traffic lane usage.

100.    Plaintiff anticipates that the criminal charge of improper traffic lane usage with be disposed of in her favor.

101.    Plaintiff was injured including emotional damages and legal fees.

102.    Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

## Count XII

### State Claim- Malicious Prosecution for Operating a Motor Vehicle without Insurance

103. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

104. Defendant Officers maliciously caused the charge of operating a motor vehicle without insurance to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against her.

105. Plaintiff did not commit the offense of operating a motor vehicle without insurance.

106. Plaintiff anticipates that the criminal charge of operating a motor vehicle without insurance will be disposed of in her favor.

107. Plaintiff was injured including emotional damages and legal fees.

108. Defendant Officers' conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

## Count XIII

### State Claim- Conspiracy to Commit Malicious Prosecution

109. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

110. Beginning on March 30, 2014 and continuing to the present, Defendant Officers, among themselves, expressly or impliedly formed an agreement to suppress evidence by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against Plaintiff in order to cover-up the Defendant Officers illegal arrest of Plaintiff and the excessive force used upon her.

111. In furtherance of this conspiracy, Defendants agreed to fabricate and conceal material evidence, testify falsely, and harass and intimidate Plaintiff by arresting her without probable cause, suppressing exculpatory evidence and continuing to pursue false criminal charges against Plaintiff to cover up their own misconduct.

112. Furthermore, Defendants took the acts set forth supra, in Paragraphs 9-43 of this Complaint, in furtherance of their agreement to maliciously prosecute Plaintiff.

113. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendants.

114. As a result of this conspiracy to deprive Plaintiff of her rights under Illinois law, Plaintiff was injured, including loss of liberty, legal fees, trauma, mental distress, physical damages, and severe emotional damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## COUNT XIV

**Indemnity Claim- 745 ILCS 10/9-102**

115. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

116. Defendant City of Chicago is the employer of Defendant Granias.

117. Defendant Illinois State Police is the employer of Defendant Marshall.

118. Defendant Granias committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

119. Defendant Marshall committed the acts alleged about under the color of law and in the scope of his employment as an employee of the Illinois State Police.

120. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

121. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago and/or Defendant Illinois State Police be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT XV

*Respondeat Superior* **Liability for State Law Claims Against Individual Officers**

122. Plaintiff re-alleges and incorporates all previous paragraphs.

123. Defendant City of Chicago is the employer for Defendant Granias.

124. Defendant Illinois State Police is the employer for Defendant Marshall.

125. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine *respondeat superior*.

126. Defendant Illinois State Police is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine *respondeat superior*.

127. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of employment as employees of the Defendant City of Chicago and Defendant Illinois State Police.

128. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Illinois State Police for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

PATASA JOHNSON

By One of HER Attorneys:

s/Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak Rd.
Suite B401
Chicago, IL 60608
(312)226-4590