IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATASA JOHNSON, | ) |
| Plaintiff, | ) No: 15-CV- 2608 |
| v. | ) |
| THOMAS MARSHALL (Star #6073), | ) |
| Defendant. | ) **JURY DEMANDED** |

## FIRST AMENDED CIVIL COMPLAINT

NOW COMES, Plaintiff, PATASA JOHNSON, by and through her attorneys, Abby D. Bakos, Mary Grieb and Brendan Shiller of the Shiller Preyar Law Offices, complaining of Defendant, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Patasa Johnson is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Illinois State Police Tooper Thomas Marshall (Star #6073) (referred to herein as "Defendant Marshall") is a present or former employee of the Illinois State Police.

1

Defendant Marshall engaged in the conduct complained of while on duty, in the course and scope of his employment with the Illinois State Police and under the color of law. Defendant Marshall is sued in his individual capacity.

## BACKGROUND

6. On March 30, 2014, Plaintiff was driving in her vehicle on I-290 westbound between the Independence and Laramie exits.

7. Defendant Marshall performed a traffic stop of Plaintiff.

8. Thereafter, Defendant Marshall arrested Plaintiff and transported her to the Chicago Police Department's 11th District station.

9. Just after Defendant Marshall pulled up to the station, Chicago Police Sergeant George Granias (hereinafter "Sgt. Granias") grabbed Plaintiff from the back of Defendant Marshall's squad car and roughly escorted Plaintiff into the station.

10. Defendant Marshall gathered a few belongings and followed Sgt. Granias and Plaintiff into the station.

11. Inside the station, Sgt. Granias beat Plaintiff who was handcuffed at the time.

12. Sgt. Granias beat Plaintiff using his hands, fists and feet.

13. Defendant Marshall was present in the room with Sgt. Granias and Plaintiff at the time of the attack.

14. Defendant Marshall had an opportunity to stop Sgt. Granias from beating and continuing to beat Plaintiff.

15. Defendant Marshall failed to stop the unjustified beating of Plaintiff.

16. The force used against Plaintiff by Sgt. Granias was willful, malicious, unjustified, excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

17. At all relevant times, Sgt. Granias was acting under the color of law.

18. Plaintiff suffered injuries as a result of Sgt. Granias' conduct and Defendant Marshall's failure to intervene.

19. Defendant Marshall charged Plaintiff with battery in violation of 720 ILCS 5.0/12-3-A-2 claiming that Plaintiff kicked Defendant Marshall in the right leg while she was being processed in the station.

20. Plaintiff did not kick Defendant Marshall.

21. Defendant Marshall's battery charge against Plaintiff was dismissed in a manner indicative of Johnson's innocence.

22. Plaintiff was also charged with various other criminal charges that were also later dismissed.

23. Plaintiff was released on bond after approximately 10 hours from the time of her arrest.

24. Plaintiff was processed through Cook County Jail before she bonded out.

25. Plaintiff obtained treatment for her injuries sustained in the beating.

26. Plaintiff obtained the necessary medical treatment and documented her injuries.

27. As a result of Defendant Marshall's misconduct, Plaintiff was injured, including physical injuries, pain and suffering, emotional distress, and incurred legal fees, medical bills and other damages.

**COUNT I**
**42 U.S.C §1983 – Failure to Intervene In Granias' Use of Unreasonable Force**

28. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

29. Granias used force against Plaintiff Johnson that was objectively unreasonable under the 4th Amendment.

30. Defendant Marshall had a reasonable opportunity to prevent the use of unreasonable force against Plaintiff and prevent her injuries, but failed to do so.

31. Defendant Marshall had a reasonable opportunity to prevent the unreasonable seizure of Plaintiff and prevent and/or lessen her injuries, but failed to do so.

32. As a result of the Defendant Marshall's failure to intervene, Plaintiff suffered physical and emotional injuries.

33. Defendant Marshall's misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Marshall for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## Count II
### State Claim- Malicious Prosecution for Battery Charges

34. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

35. Defendant Marshall maliciously caused criminal charges of battery to be commenced and continued against Plaintiff by creating false and incomplete police reports, and swearing to false criminal charges.

36. Plaintiff never physically struck, shoved, pushed, or otherwise intentionally offensively touched Defendant Marshall at any time.

37. There was no probable cause for the institution of a criminal charge of battery against the Plaintiff.

38. Plaintiff was injured including emotional damages and legal fees.

39. Defendant Marshall's battery charge against Plaintiff was dismissed in a manner indicative of innocence.

40. Defendant Marshall's conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendant Marshall for compensatory damages, costs, punitive damages, and such other additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

PATASA JOHNSON

By One of HER Attorneys:

s/Abby D. Bakos

Abby D. Bakos
The Shiller Preyar Law Offices
601 S. California Ave
Chicago, IL 60612
(312)226-4590